Lobdell v. Burke.

</div>

## John L. Lobdell *v.* Glendy Burke.

Appeal by the plaintiff from the District Court of the First
District, *Buchanan,* J.

*Eustis,* for the appellant.

*Grymes,* for the defendant.

Morphy, J. This suit is brought to obtain a diminution of the
price paid for a gang of thirty negroes, purchased from the de-
fendant, on the ground that the negroes do not answer the descrip-
tion given of them in the act of sale, the adults in general being
much older, and the children much younger than they were repre-
sented to be. The petition sets forth in detail, this difference of
age in a number of the slaves, and affixes to each of them the

diminution of price, which should be made in consequence thereof. It, moreover, claims the value of the slave Jefferson, who, although mentioned in the sale, and included in the price paid for the whole gang, was never delivered to the plaintiff.

The evidence shows that the defendant, having received in payment for a debt of $25,000, due to him by Warren Offutt, a lot of thirty negroes, then on his debtor's plantation in Arkansas, a sale of them was passed to him in New Orleans, before William Christy, a notary, on the 12th of January, 1839, without his ever having seen the negroes. A few days after, the plaintiff having agreed to purchase of defendant the same lot of slaves, for the same price, the defendant told him that as he had never seen the slaves, and knew nothing personally of their ages and qualifications, he would prefer to delay the passing of the bill of sale until he (the plaintiff,) had seen the negroes, or they were delivered to him on his plantation; but the plaintiff insisted on passing the sale immediately, saying that he was perfectly satisfied with the slaves, and did not like the trouble of returning to the city. The sale was accordingly executed on the 31st of the same month, and before the same notary. This act acknowledges the payment of the price by the purchaser, and the delivery to him of the slaves, whose names and ages seem to have been copied from the sale of Offutt to the defendant, passed a few days before, and to which it refers. An agent, sent by the defendant to Arkansas, received the slaves from Offutt, with the exception of one named Jefferson, who had either run away, or was kept out of view by Offutt, and the agent delivered them to the plaintiff on his plantation, in West Baton Rouge. This person has testified that the slaves appeared to him to answer the description given of them; that they were all active negroes, apparently strong and healthy; and the same account is given of them by a passenger who came down in the same boat with them.

Several neighbors of the plaintiff were produced as witnesses to show, that there was a great difference between the real ages of many of these slaves, and those mentioned in the bill of sale, and to establish the consequent difference in their value. Even were these two facts satisfactorily shown, it is by no means clear, under the circumstances of this case, that the plaintiff would be

entitled to recover. The difference of age complained of, is surely not a redhibitory defect; and the only ground, on which the plaintiff could be relieved, would be that of error, had it been created by any fraud, deceit, or artifice on the part of the defendant to obtain over him an unjust advantage, according to article 1841 of the Civil Code; but, so far from any thing of the kind being pretended, it is admitted, and the evidence shows, that he acted with the utmost fairness and good faith. By insisting upon passing the sale without seeing the slaves, the plaintiff might well be considered as having trusted entirely to the representations of their ages and qualifications, made by the vendor of the defendant, and as having relieved the latter from all responsibility as to any defects, which an inspection of the slaves might have disclosed to him. But be this as it may, the evidence is, in our opinion, entirely too vague, and inconclusive to prove the alleged difference in the ages and value of the slaves. The witnesses, who had never seen the slaves before, formed an opinion of their ages only from their general appearance, a most unsafe and uncertain rule, according to the witnesses themselves, who say that negroes appear generally much younger than they actually are, and that, in judging of their ages only by inspection, mistakes may be committed of from five to fifteen years. All the slaves, moreover, having been sold in a lump, for a sum of $25,000, without any mention of the relative value affixed to each by the parties, it is not easy to perceive how the witnesses could determine the diminution of price to be made on any of them. Under the facts and evidence in the case, we are of opinion that the jury correctly allowed to the plaintiff only the value of the slave Jefferson, whom the defendant was bound to deliver to him.

*Judgment affirmed.*