Ilsley, J.
This action is brought to avoid a sale made in pursuance of executory process.
Two grounds of nullity are set up:
1. When the executory process was issued and the property sold, the succession of Mcllhenny was unrepresented by an administrator, and L. C. Davis, who was merely tutor to the minor Mcllhenny, appointed without bond, was made a party defendant in said suit, and that notice of seizure served on him was insufficient, he being incapable of standing in judgment.
2. The property should not have been sold for less than fifteen thous- and dollars, at which it was appraised in the inventory of the succession.
Judgment was rendered in the lower Court in favor of the plaintiff, and the defendant has appealed.
On the first ground, it is only necessary to say that we consider the jurisprudence settled, that a tutor of minor children is competent, in that capacity, to administer the succession of the deceased, so long as the creditors do not object.
*529 This subject was thoroughly examined in the case of Bryan v. Atchison, 2 An. 465, which rested on more recent legislation than that of the Civil Code, upon which alone was based the previous antagonistic opinions of the Court, no allusions in those opinions having been made to Article 976 of the Code of Practice, the last expression of legislative will.
It would be needless for this Court to multiply the reasons already adduced in support of the doctrine taught in Bryan v. Atchison, to the effect, that the tutor of a minor or of minor children is competent, in that capacity, to administer the succession, so long as the creditors do not object. A doctrine again recognized broadly in the case of Dickason v. Smith, 5 An. 197, and now by us adopted as correct in principle.
L. C. Davis was, it is admitted, the tutor of the minor Mcllhenny, and his appointment, as such, is presumed to have been regular and legal; and his being dative and not natural tutor, was no impediment to his being a party in the executory proceeding. Art. 327, C. C.
There is no proof in the record that the succession was an insolvent one, as was suggested by the Judge of the lower Court, in his reasons for judgment.
The second ground of nullity is equally untenable.
An hypothecary creditor has two distinct remedies against property in a succession, subject to his lien, either to procure an order of seizure and sale, or a rule on the administrator, to show cause why the property should not be sold according to Articles 990, 991 and 992 of the Code of Practice. Mason, Ex’r. v. Williams, 12 A. 68.
If he proceeds, as he has the legal right to do, by way of seizure and sale, (Boguille v. Taille, 1 An. 205, and McCalop v. Fluker’s Heirs, 12 A. 551,) he is bound to observe all the rules of proceeding, and no others, relating to executory process. C. P. 732, et seq.
Article 680 of the Code of Practice, one of the articles referred to in Article 745, C. P., requires that the price offered by the highest and last bidder, shall reach two-thirds of the appraisement of the property offered. The property in controversy was regularly appraised at twelve thousand dollars, and it was adjudicated to the defendant for nine thousand dollars.
The property was, therefore, on that score, legally adjudicated.
The authority cited by the plaintiff, that the property sold should have brought the full amount of the appraisement in the inventory of the succession property; See Succession of Fitz, 12 An. 368, as well as -.the cases of the Succession of Porter, 5 Rob. 95; and the Succession of George. B. Ogden, 10 Rob. 437, relate to succession sales under Articles 990, 991 and 992 C. P., and not to actions via ejecutiva against encumbered succession property.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; it is further ordered, adjudged and decreed, that there be'judgment in favor of A. Merle D’Aubignié, the defendant, and that the adjudication to him of the property described in the plaintiff’s petition, made by the sheriff of the parish of Orleans on the 13th May, 1865, in the suit of A. Merle *530 D'Aubignié, through his agent, John W. Lavillebeuvre, v. George S. Mandeville and G. C. L. Davis, No. 25,287, on the docket of the Second District Court of New Orleans, be maintained as against the plaintiff in this suit, William G. Vincent, administrator of the Succession of Rufus McIlhenny, and it is further ordered that the said plaintiff and appellee pay the costs in the District Court, and in this Court.